IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**PATRICK C. LYNN,**

    **Plaintiff,**

    v.        CASE NO. 10-3142-SAC

**ROGER WERHOLTZ,**
**et al.,**

    **Defendants.**

### O R D E R

  Plaintiff, a three-strikes litigant, was denied leave to proceed in forma pauperis (IFP) in this action. The case was dismissed after he failed to pay the filing fee up front and submit his complaint on forms in the time allotted by the court.[1] The matter is now before the court upon plaintiff's Motion for Relief from Orders, Request for recusal of the undersigned judge with referral to the Chief Judge, and Request to File Amended Complaint (Doc. 12); and Motion to Reopen Judgment per Rule 60(b)(5)&(6) (Doc. 13) with affidavit in support.

  As plaintiff was previously advised, motions generally need not be addressed in a case until the action has been properly initiated through satisfaction of the statutory filing fee and the submission of a complaint upon court-approved forms as required by local rule. Plaintiff's current motions, other than for

---

  [1] Plaintiff's allegation in this motion that he cannot possibly submit the court-provided forms in the same-sized envelop in which he submitted his 14-page complaint on the same-sized paper in this case is simply not credible.

reconsideration of the denial of his motion to proceed IFP, are not now more appropriately before the court in this case, which is closed due to plaintiff's failure to comply with filing prerequisites. Thus, plaintiff's motion for recusal and referral to another judge need not be considered by the court unless this case is reopened and the filing prerequisites are satisfied. If that happened, this motion would be denied for the reason that it is based on nothing more than prior rulings of the undersigned judge. Similarly, plaintiff's motion to file an amended complaint will not be granted in this closed case in which a proper original complaint was never filed, the fee has not been satisfied, and a proper Motion to Amend with the proposed Amended Complaint attached was not filed.

Plaintiff's motions for relief from judgment and to reopen are denied for the following reasons. Such motions, when filed more than 28 days after entry of judgment, are governed by Rule 60(b) of the Federal Rules of Civil Procedure. Relief under Rule 60(b) is "extraordinary and may be granted only in exceptional circumstances." Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006)(citations omitted); Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990); Amoco Oil Co. v. U.S.E.P.A., 231 F.3d 694, 697 (10th Cir. 2000). Rule 60(b) does not permit a losing party to rehash or restate arguments previously addressed or to present new legal theories or supporting facts that could have been included in plaintiff's earlier filings. Wilkins v. Packerware Corp., 238 F.R.D. 256, 263

(D. Kan. 2006)(citing Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1332 (10th Cir. 1996)), aff'd, 260 Fed.Appx. 98 (10th Cir. 2008); Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000))(A Rule 60(b) motion is not a vehicle to reargue the merits of the underlying judgment, to advance new arguments which could have been presented in the plaintiff's original filings, or as a substitute for appeal.).[2]

Plaintiff's allegations and suggestions that a conditional means of paying the filing fee could be arranged with funds from his family are matters that could have been presented prior to judgment, and thus are not grounds for reopening this lawsuit. In any event, Mr. Lynn still has not submitted funds for payment of the fee.

Plaintiff's allegations that it was impossible for him to comply with this court's orders herein due to limitations upon the writing and mailing materials available to him could, and have, been argued previously. These allegations were found in his prior cases to lack credibility by this court and the Tenth Circuit Court of Appeals based upon the volume of materials Mr. Lynn has managed to submit to this and other courts. Filings by him in this court over the past year likewise substantiate that he has the means available to prepare and submit numerous written pages, particularly if he would limit his filings to non-frivolous claims.

---

[2] The dismissal of this action was without prejudice, which means that plaintiff is not precluded from attempting to raise his claims by submitting a proper complaint as a new case. He did not pay and was not assessed a filing fee in this case.

3

Mr. Lynn's supporting Affidavit (Doc. 14) appears to be intended to establish that he is under imminent danger of serious physical injury and that the denial of his motion to proceed IFP herein was therefore in error. This affidavit and the allegations therein are matters that could and should have been presented at the time the complaint was filed. Thus, these allegations are not grounds for relief under Rule 60(b). Furthermore, the allegations in the affidavit regarding access, mail, grievances, and religious materials do not involve physical danger. Plaintiff's allegations regarding his confinement in "the shudder cells at EDCF" are more material, but are too conclusory to establish that he was in serious physical danger at the time he filed this complaint. In order for Mr. Lynn to have established that he was under imminent danger of serious physical injury, he must have provided dates and described the general nature of the physical danger he faced as well as the involvement of specific defendants at the time he filed this complaint. See White v. Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). Mr. Lynn's own allegations indicate he is regularly rotated to different prisons and is often housed in the infirmary. Thus, if EDCF is the only prison with "shudder cells" as he alleges, then he is not continuously confined in a "shudder cell." Moreover, Mr. Lynn alleged in his most recent case that he is in a cell with a window on the back wall. Plaintiff's general claims of continual conditions are often disaffirmed by his own more specific allegations. Furthermore, his own allegations, which KDOC on-line records confirm, are that he faces years of confinement in

disciplinary segregation as a result of his convictions of 200 to 300 disciplinary infractions. It follows that his detention in segregation under spare and discomforting conditions can hardly be considered an unexpected incident of his confinement or as without rational basis. In brief, plaintiff's affidavit does not establish that this court erred when it held that his complaint failed to show he was in imminent danger of serious physical injury at the time he filed this action. The court concludes that plaintiff does not state grounds under Rule 60(b) that would entitle him to relief from the judgment entered in this case.

The undersigned judge point outs that some of plaintiff's allegations in his post-judgment motion regarding conditions of his confinement are disturbing, in that they could be viewed as pleading a claim of cruel and unusual punishment had plaintiff alleged additional facts including those regarding their duration. However, in order to qualify a three-strikes litigant for IFP status, even claims of cruel and unusual punishment must be coupled with facts showing that actual, serious, physical danger from those conditions is imminent at the time the complaint is filed. For example, claims of cruel and unusual conditions in the past do not show imminent physical danger.

The court strongly urges Mr. Lynn that if he has additional dates, circumstances, and other facts which, together with those alleged in his post-judgment motions, could amount to a showing that he is under imminent danger of serious physical injury, then he should immediately present all such allegations in his only

5

pending case, <u>Lynn v. Roberts</u>, Case No. 11-3073, in which he challenges the same conditions of confinement and has a motion to proceed IFP that is currently under consideration.

**IT IS THEREFORE ORDERED** that plaintiff's Requests for Recusal and Referral, and Motion to Amend (Doc. 12) are denied as improperly filed in this aborted case and as without basis; and that his Motion for Relief from Orders (Doc. 12) and Motion to Reopen Judgment (Doc. 13) are denied because plaintiff has failed to allege grounds that entitle him to relief from judgment.

**IT IS SO ORDERED.**

Dated this 26th day of May, 2011, at Topeka, Kansas.

s/Sam A. Crow<br>
U. S. Senior District Judge